**NOT FOR PUBLICATION**

**FILED**

JUN 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAHJAHAN AHMED, | No. 16-72919 |
| Petitioner, | Agency No. A206-910-356 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2022[**]
Portland, Oregon

Before: SCHROEDER and SANCHEZ, Circuit Judges, and ANTOON,[***] District Judge.

Shahjahan Ahmed, a native and citizen of Bangladesh, petitions for review

of the order of the Board of Immigration Appeals (BIA) dismissing his appeal of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

an immigration judge's (IJ) denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Ahmed does not address his CAT claim in his brief, and thus he has waived any challenge to the denial of CAT protection. *See, e.g.*, *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020) (finding that the petitioner "waived any argument as to her CAT claim by failing to 'specifically and distinctly' discuss the matter in her opening brief" (quoting *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005))). And with regard to his asylum and withholding of removal claims, Ahmed challenges the agency's adverse credibility determination but does not address, and thus has waived any challenge to, the agency's dispositive alternative holding that even if Ahmed were credible, he failed to establish that any persecution he suffered "was or would be committed by the government, or by forces that the government was unable or unwilling to control." *Rodriguez Tornes v. Garland*, 993 F.3d 743, 751 (9th Cir. 2021). Accordingly, we deny the petition for review without addressing Ahmed's arguments regarding credibility. *See, e.g.*, *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (refusing to remand when "neither the result nor the BIA's basic reasoning

2

would change").

**PETITION DENIED.**